Filed 4/29/15  P. v. Dailey CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JEDIDIAH ERIC DAILEY,<br><br>    Defendant and Appellant. | 2d Crim. No. B254033<br>(Super. Ct. No. 2013016840)<br>(Ventura County) |

A jury convicted appellant Jedidiah Dailey of possession of a controlled substance.  (Health & Saf. Code, § 11351.)[1]  Appellant admitted allegations that he had suffered a prior drug conviction (§ 11370.2, subd. (a)) and served a prior prison term (Pen. Code, § 667.5, subd. (b)).  The trial court struck the latter allegation and sentenced him to a term of six years in jail, consisting of three years for the offense and a consecutive three years for the prior drug conviction.  Appellant was awarded 324 days of presentence custody credit.

Appellant contends that before he received a *Miranda* warning[2] the police made statements to him that were the "functional equivalent of interrogation" and that the trial court erred by admitting his statement in response.  We affirm.

---

[1] All further statutory references are to the Health and Safety Code unless otherwise stated.

[2] (*Miranda v. Arizona* (1966) 384 U.S. 436.)

FACTS

On May 27, 2013, while responding to a trespassing call at Starbucks, Officers Devon Anderson and Eric Jackson encountered appellant and some friends. Appellant denied trespassing and consented to a search. During the patdown, Officer Anderson found a flashlight in his pocket, inside of which was a small plastic baggie containing heroin. Appellant's phone contained several text messages in which he agreed to sell persons various types of narcotics and other drugs.

Officer Anderson advised appellant that he was under arrest for possession of heroin pursuant to section 11350. Appellant was taken to the police station and handcuffed to a bench. Officers began testing and weighing the heroin nearby. Appellant asked what was taking so long. Officer Jackson told him that Officer Anderson was in training and it would take a little longer. Appellant then asked what "his charges" were. Officer Anderson told him he was being charged with "possession for sale." Officer Jackson stated, "11351 H and S." In response, appellant stated something like, "Come on, man. I only sell to my friends so I can get things in return."[3]

The officers did not question appellant about this statement. They asked him only basic booking questions. The officers later read appellant his *Miranda* rights, which he invoked.

## DISCUSSION

Appellant contends that the officers' conduct constituted the functional equivalent of interrogation and that the trial court erred by denying his motion to suppress his inculpatory statement that he sold drugs to his friends. To the contrary, nothing about the officers' conduct amounted to "a prodding invitation to further discussion about the incident." (*People v. Harris* (1989) 211 Cal.App.3d 640, 649.) Appellant asked the officers to tell him the offense with which he was being charged. The officers gave him this information—no more, no less. The officers' response to appellant's question should not have elicited further commentary from him, incriminating or otherwise. "*Miranda*

---

[3] In his trial testimony, appellant denied making this statement.

does not 'prohibit the police from merely listening to . . . voluntary, volunteered statements' uttered by a person, whether or not in custody, 'and using them against him at the trial'—nor does the Fifth or Fourteenth Amendment."  (*People v. Mickey* (1991) 54 Cal.3d 612, 648.)

DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

PERREN, J.

We concur:

GILBERT, P. J.

YEGAN, J.

3

David M. Hirsch, Judge

Superior Court County of Ventura

_____


Matthew J. Hardy, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, Timothy M. Weiner, Deputy Attorney General, for Plaintiff and Respondent.